-EXHIBIT A-

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
========================================X
**ANA MALCA,**

|  |  |
|---|---|
| **Plaintiff,** | Index No:<br>Date Filed: |
| -against- | Plaintiff designates<br>KINGS County as<br>the place of trial |
|  | The basis of venue is<br>**LOCATION OF ACCIDENT** |
| **NYC SHOPRITE ASSOCIATES, INC.,** | **SUMMONS** |
|  | **Location of Accident is<br>1080 McDonald Avenue,<br>Brooklyn, New York** |
| **Defendants,** |  |

========================================X

TO THE ABOVE NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  February 22, 2022
       New York, New York

                                                    Yours, etc.,

Defendant(s) address(es):                           **HECHT, KLEEGER & DAMASHEK, P.C.**

                                                    By: *Jonathan Damashek*
                                                    JONATHAN DAMASHEK, ESQ.
                                                    Attorneys for Plaintiff
(SEE ATTACHED RIDER)                                19 West 44th Street – Suite 1500
                                                    New York, New York 10036
                                                    Tel: (212) 490-5700

**THIS ACTION IS NOT BASED UPON A CONSUMER CREDIT TRANSACTION**
**THIS ACTION SEEKS RECOVERY FOR PERSONAL INJURY**

RIDER:

**NYC SHOPRITE ASSOCIATES, INC.**
244 West Passaic Street
Rochelle Park, NJ, 07662
*Via Personal Service and Via New York Secretary of State*

**PLEASE FORWARD THIS TO YOUR INSURANCE COMPANY**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**
=========================================X
**ANA MALCA**,

      Plaintiff,            **VERFIED**
                       **COMPLAINT**

  -against-               Index No.:

**NYC SHOPRITE ASSOCIATES, INC.**,

      Defendants,
=========================================X

  Plaintiff, by her attorneys **HECHT, KLEEGER & DAMASHEK, P.C.**, complaining of the defendant, respectfully sets forth and alleges upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

  1.  At all times hereinafter mentioned, the plaintiff ANA MALCA, (hereinafter "plaintiff") was, and still is, a resident of the State of New York, County of KINGS.

  2.  At all times hereinafter mentioned, the defendant NYC SHOPRITE ASSOCIATES, INC. (hereinafter "NYC SHOPRITE") was, and still is, a foreign corporation authorized to do business in the State of New York.

  3.  At all times hereinafter mentioned, the defendant NYC SHOPRITE was, and still is, a partnership which maintained an office in the State of New York.

  4.  At all times hereinafter mentioned, the defendant NYC SHOPRITE was, and still is, a sole proprietorship which maintained an office in the State of New York.

  5.  At all times hereinafter mentioned, the defendant NYC SHOPRITE was doing business in the State of New York, pursuant to the laws of the State of New York.

  6.  At all times hereinafter mentioned, and on February 16, 2022, the defendant NYC SHOPRITE owned the property located at 1080 McDonald Avenue, in the City and State of New

York, County of Kings, and the fixtures and appurtenances thereat, (hereinafter "the aforementioned premises").

7. At all times hereinafter mentioned, the defendant NYC SHOPRITE operated the aforementioned premises.

8. At all times hereinafter mentioned, the defendant NYC SHOPRITE controlled the aforementioned premises.

9. At all times hereinafter mentioned, the defendant NYC SHOPRITE managed the aforementioned premises.

10. At all times hereinafter mentioned, the defendant NYC SHOPRITE was the leasor of the aforementioned premises.

11. At all times hereinafter mentioned, the defendant NYC SHOPRITE was the lessee of the aforementioned premises.

12. At all times hereinafter mentioned, the defendant NYC SHOPRITE utilized the aforementioned premises.

13. At all times hereinafter mentioned, the defendant NYC SHOPRITE inspected the aforementioned premises.

14. At all times hereinafter mentioned, the defendant NYC SHOPRITE repaired the aforementioned premises.

15. At all times hereinafter mentioned, the defendant NYC SHOPRITE maintained the aforementioned premises.

16. At all times hereinafter mentioned, the defendant NYC SHOPRITE cleaned the aforementioned premises.

17. That on February 16, 2022 plaintiff was lawfully on the aforementioned premises as

hereinbefore described when she was caused to sustain serious and permanent injuries from unsafe conditions which caused her to slip and fall.

18. That the plaintiff's injuries resulting therefrom were proximately caused by the carelessness, recklessness negligence and gross negligence of the defendants, their agents, servants, and employees in the ownership, operation, management, maintenance, usage and control of the aforementioned premises and floors thereat, without any negligence, want of care or assumption of risk on the part of plaintiff contributing thereto.

19. The area where plaintiff was injured was improperly and inadequately constructed, repaired, inspected and maintained such that it constituted a severe hazard, a trap for the unwary, a public and private nuisance, and was in violation of applicable code.

20. The defendant had both actual and constructive notice of the defective, dangerous and trap-like conditions in existence on said defendants' premises, but failed to remedy same in a timely fashion or warn the plaintiff of the dangerous conditions prior to the happening of the occurrence as herein alleged.

21. It was the duty of the defendant, together with defendant's agents, servants and/or employees, to maintain the aforementioned premises and floors thereat, in a reasonably good and safe condition, free from hazards and defects, to erect warnings or barriers and to comply with applicable rules, regulations and laws.

22. The defendant, together with defendant's agents, servants and/or employees, was/were careless, reckless, and negligent in that said defendants failed, inter alia, to maintain the aforementioned premises and floors in a good and safe condition, in that they failed to prevent their premises and floors from becoming slippery and unsafe; failed to prevent their premises and floors from becoming covered in water, liquid and other slippery substances; failed to properly clean

their premises; failed to remove water, liquid and other slippery substances from the premises; failed to provide a proper and safe means of egress; failed to prevent ceiling and/or roof leaks; failed to properly repair ceilings and/roofs; failed to inspect ceiling and/or roofs; failing to prevent leaking conditions; failed to repair leaking conditions; failed to warn or leaking and/or dangerous conditions; failed to block off, barricade or otherwise prevent persons from walking near and/or close to leaking conditions; failed to remedy a slippery condition; failed to erect warnings or barriers; failed to comply with applicable rules, regulations, and laws, and that the said defendant was otherwise careless, reckless, and negligent in the instance.

23. That the accident and plaintiff's injuries resulting therefrom were caused by the negligence of the defendants, without any negligence on the part of the plaintiff contributing thereto.

24. This action falls within one or more of the exceptions set forth in CPLR Section 1602.

25. By reason of the foregoing, the plaintiff sustained severe injuries and damages, was rendered sick, sore, lame and disabled, sustained severe shock and mental anguish, great physical and emotional upset, all of which injuries are, upon information and belief, permanent in both nature and duration, and has and will continue to suffer pain and suffering, both physical and emotional, and has incurred, and will continue to incur medical expenses, and has been unable to pursue his usual vocations, all to his great damage.

26. Upon information and belief, the limitations on liability set forth in Article 16 of the New York Civil Practice Law and Rules do not apply since the plaintiff's action falls within the exemption set forth in subdivision (6).

27. By reason of the foregoing, the plaintiff has been damaged by the defendants in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, plaintiff demands judgment against the defendants, the amount sought on each cause of action exceeding the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

Dated: February 22, 2022
New York, New York

Yours, etc.

**HECHT, KLEEGER & DAMASHEK, P.C.**

By: *Jonathan Damashek*
**JONATHAN DAMASHEK, ESQ.**
Attorneys for Plaintiff
19 West 44th Street – Suite 1500
New York, NY 10036
Tel. (212) 490-5700

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK   }
                    {
COUNTY OF NEW YORK  }

**JONATHAN DAMASHEK, ESQ.**, an attorney duly admitted to practice before the Courts of the State of New York hereby affirms the truth of the following under penalty of perjury:

I am a member of the law firm of **HECHT, KLEEGER & DAMASHEK, P.C.**, and as such am fully familiar with the facts and circumstances herein.

I have read the foregoing **COMPLAINT**, and know the contents thereof to be true to my knowledge, except as to those matters therein stated upon information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to those matters stated upon information and belief are as follows: records and investigation reports on file.

The reason this verification is made by me and not the plaintiff personally is because the plaintiff is presently outside the county where I maintain my office for the practice of law.

Dated: February 22, 2022
       New York, New York

*Jonathan Damashek*
JONATHAN DAMASHEK, ESQ.